At this term, the opinion of the Court was delivered by
Parsons, C. J.
As it is probable that the defendant Ellis, when discharging the duties of a parish assessor, thought that he was acting under the obligation of the oath of that office, I felt at the trial, and now feel, a strong disposition to support the doings of the assessors, if it can be done consistently with the well-known and established rules of evidence.
By the statute of 1786, c.-10., a parish clerk may be sworn into office by the moderator in open meeting, if no justice be present. And the parish clerk may administer the oaths of office to assessors, and all other parish officers.
The record certified by the clerk does not purport that Ellis, who at that meeting had been chosen parish clerk, was sworn into any office by the clerk, but only that he was sworn into office by Justice jKingsbury. As he was then chosen into two offices, for the discharge of either of which an oath of office is required, it cannot be presumed for which he was then qualified; much less can it be presumed that he was then qualified for two distinct offices. How, then, can the record be legal evidence that he was sworn into the office of an assessor?
This reasoning admits the record to be legal evidence. But the law does not authorize a parish clerk to make a record of the oaths of office administered to parish officers by a justice of the peace As he may swear in other parish officers, a record in the parish books by himself of the oaths of office which he has administered may be regular. But the certificate of the justice, when the oath of office is administered by him, is the regular and legal evidence.
* This certificate is produced by the plaintiff, and in it [ * 430 ] there is no ambiguity. By that it appears that Ellis was sworn into the office only of parish clerk. This certificate is perfectly consistent with the clerk’s record, for he was sworn into office when he was sworn as clerk.
We have observed that no law authorizes the parish clerk to record the officers sworn by a justice. By the statute of 1785, c. 75., town clerks are directed to make a record of such persons as shall file a certificate with him of their being sworn into office before a justice. This provision is not extended to parish clerks; but if it might be extended by analogy, there does not in this case appear to have been any certificate from a justice delivered to the clerk, from which he could make the record.
Hastings, for the plaintiff.
J. Richardson, for the defendants.
Upon the whole, the defendants have failed in producing legal evidence, that Ellis was sworn into the office of parish assessor for the year 1807; and judgment must be rendered on the verdict.